Marc Voisenat (CSB# 170935)
1330 Broadway, Suite 734
Oakland, Ca. 94612
Tel: (510) 272-9710
Fax: (510) 272-9158

Attorney for Debtor-In-Possession
Luis Angel Torres

United States Bankruptcy Court

Northern District of California

In re:  ) Case No.: 09-44059
Luis Angel Torres ) Chapter 11
 )
 )
 Debtor-In-Possession )
 )
 )
 )

**SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION**

Luis Angel Torres, debtor-in-possession, hereby proposes the following plan of reorganization under chapter 11 of title 11 of the United States Code (the "Plan")

**ARTICLE I**

DEFINITIONS

The following terms have the following meanings (such meanings to be equally applicable to both the singular and plural forms of the terms defined) whenever used in the Plan.

1.1 "ADMINISTRATIVE EXPENSE" means a Claim (a) for costs and expenses of administration of the Reorganization Cases incurred prior to the Effective Date and allowed under sections 503(b) or 507(b) of the code, including all fees accrued or payable through the

Effective Date under 28 U.S.C. Section 1930 and allowed by Final Order, (b) the fees and costs of Professional Persons incurred after the Effective Date in connection with the preparation and approval of their final applications for compensation and reimbursement of expenses through the Effective Date.

1.2     "ALLOWED AMOUNT" shall mean the dollar amount of a Claim owed by Debtor as of the Petition Date as allowed pursuant to 11 U.S.C. §502.  If an objection is filed to a Claim, then the Claim shall be allowed only to the extent provided for in a Final Order on the objection.

1.3     "ALLOWED ADMINISTRATIVE CLAIM" shall mean the Allowed Amount of a Claim for administrative expenses allowed by the Court pursuant to 11 U.S.C. §503.

1.4     "ALLOWED CLAIM" shall mean a Claim (a) that appears in the Schedules, except a Claim that is listed in the Schedules as disputed, contingent or unliquidated, or (b) with respect to which a proof of Claim has been filed with the Bankruptcy Court within the time ordered by the Bankruptcy Court, or if no time has been ordered by the Bankruptcy Court, within the time prescribed by the Plan, the Code, the Bankruptcy Rules or by Local Rules, and to which no objection has been filed within the time fixed by the Plan or the Bankruptcy Court, or ( c) which is allowed by a final Order of the Bankruptcy Court.  No Claim shall be considered an Allowed Claim if the Debtors or other party in interest thereof interposes an objection to the allowance within the time fixed by the Plan or the Bankruptcy Court, if any, and such objection has not been denied by a Final Order.  An Allowed Claim shall not include accrued interest after the Petition Date.

1.5     "ALLOWED PRIORITY CLAIM" shall mean a Claim entitled to priority status pursuant to section 507(a) of the United States Bankruptcy Code, 11 U.S.C. §507(a).

1.6     "ALLOWED SECURED CLAIM" shall mean an Allowed Amount of a Claim secured by a lien, security interest, encumbrance, or other charge against any interest in any property of the Estate (as defined in 11 U.S.C. §541), which lien, security interest, encumbrance or other

charge is valid, perfected and enforceable under applicable law, is not subject to avoidance under the Code or other applicable non-bankruptcy law, to the extent of the value of the interest of the holder of such Allowed Claim in such property as determined in accordance with 11 U.S.C. §506(a) and (b).

1.7 "AMENDED CLAIM" shall mean a proof of claim filed subsequent to the Bar Date that amends a timely filed proof of claim that was filed prior to the Bar Date.

1.8 "BALLOT" means the form approved by the Bankruptcy court for voting on acceptance or rejection of the Plan.

1.9 "BANKRUPTCY COURT" or "COURT" shall mean the United States Bankruptcy Court for the Northern District of California, Oakland Division, 1300 Clay Street, Oakland, California, 94612; (or such other court as may have jurisdiction over this Chapter 11 case) and, with respect to any particular proceeding arising under, in or relating to this Chapter 11 case, any other court which may have jurisdiction over such proceeding.

1.10 "BANKRUPTCY RULES" means, collectively, the: (a) Federal Rules of Bankruptcy Procedure, and (b) the Local Rules of the Bankruptcy Court, as applicable, in Reorganization Cases.

1.11 "BAR DATE" shall mean the last date initially fixed by the court for timely filing a Claim.

1.12 "CLAIM" shall mean any right of payment which is evidence by a proof of claim or application for payment or compensation that was: (i) timely filed; or (ii) deemed filed pursuant to 11 U.S.C. §1111(a); or (iii) filed late with leave of Court after notice and opportunity for hearing to Debtor.

1.13 "CODE OR BANKRUPTCY CODE" shall mean Title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended.

1.14 "CONFIRMATION" shall mean the entry of an order of the Court confirming the Plan.

1.15 "CONFIRMATION DATE" shall mean the date on which the Court enters an order confirming the Plan.

1.16 "CONSUMMATION OF PLAN" shall mean the accomplishment of all things contained or provided for in the Plan.

1.17 "DEBTOR" shall mean, Luis Angel Torres, Debtor-In-Possession in the above captioned case.

1.18 "DISPUTED CLAIM" means a claim as to which a proof of claim has been filed or is deemed to have been filed under applicable law, as to which an objection has been timely filed and which objection, if timely filed, has not been withdrawn on or before any date fixed for filing such objections by the Plan or order of the Court and has not been overruled or denied by a Final Order.

1.19 "DISPUTED CLAIM RESERVE" means the reserve of funds established pursuant to Article 8 of this Plan.

1.20 "EFFECTIVE DATE" shall mean the thirtieth (30th) day after entry of an order confirming this Plan.

1.21 "FINAL ORDER" shall mean an order of the Court as which: (i) the time for appeal has expired; or (ii) any appeal that has been filed has been finally resolved or dismissed.

1.22 "LATE CLAIM" shall mean any Claim not timely filed on or before the BAR DATE, which is allowed by a Final Order of the Bankruptcy Court.

1.23 "PETITION DATE" shall mean May 12, 2009.

1.24 "PLAN" shall mean this Plan of Reorganization proposed by Debtor, including any amendment or modification made in accordance with the applicable provisions of the Code.

1.25 "PRIORITY CLAIM" means any Claim to the extent entitled to priority in payment under Sections 507(a)(3), (4) and (6) of the Code.

1.26 "PRIORITY TAX CLAIMS" means any Claim to the extent entitled to priority in

payment under Sections 507(a) (8) of the Code, including interest, if due, and penalties to the extent in compensation for actual pecuniary loss.

1.27 "PROFESSIONAL PERSON" means (a) a Person retained or to be compensated pursuant to Sections 326, 327, 328, 330, 331, 503(b)(2), 1103 and/or 1107(b) of the Code, or (b) an accountant, attorney, appraiser, auctioneers, claims administrator, real estate consultant or other professional employed by the Estate on or after the Effective Date.

1.28 "PRO RATA" means proportionately so that the ratio of (a) the cumulative amount of all funds distributed or to be distributed on account of a particular Allowed Claim to (b) the amount of such Allowed Claim is the same as the ratio of (x) the cumulative amount of all funds distributed or to be distributed on account of all Allowed Claims in a particular class to (y) the amount of all Allowed Claims of that class.

1.29 "REORGANIZED DEBTOR" shall mean the Debtor as reorganized pursuant to the terms of this Plan, on or after the Effective Date.

1.30 UNDEFINED TERMS. A term used in the Plan and not defined herein has the meaning ascribed to such term in the Bankruptcy Code or Rules.

## ARTICLE II

2  **DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS**

The following is a designation of the Classes of Claims under this Plan. Claims for Administrative Expenses and Priority Tax Clams the following classification of Claims are proposed under the Plan. Claims for Administrative Expenses and Priority Tax Claims have not been classified and are excluded from the following classes, in accordance with the provisions of Section 1123(a)(1) of the Bankruptcy Code. A Claim shall be deemed classified in a particular class only to the extent that the Claim or Interest qualified within the description of that class and shall be deemed classified in a different class to the extent that any remainder of the Claim qualifies within the description of such different class. A Claim is in a particular class only to

the extent the Claim is an Allowed Claim or Allowed Interest in that class and has not been paid, release or otherwise satisfied before the Effective Date.

2.1     **Secured Claims**

CLASS 1 (First Deed of Trust in Favor of American Home Mortgage)

Class 1 consists of the Allowed Secured Claim held by American Home Mortgage that is secured by the real property located at 55 Wildwood Lane, Novato, California.

The holder of any Class 1 Allowed Claim shall retain its lien securing such claim.

CLASS 2 (First Deed of Trust in Favor of Gateway Bank)

Class 2 consists of the Allowed Secured Claim held by Gateway Bank is secured by the real property located at 27755 Pensicola Way, Hayward, California.   The holder of any Class 2 Allowed Claim shall retain its lien securing such claim.

CLASS 3 (First Deed of Trust in Favor of Gateway Bank)

Class 3 consists of the Allowed Secured Claim held by Gateway Bank, if any, that is secured by the real property located at 27923 Mandarin Avenue, Hayward, California. The holder of any Class 3 Allowed Claim shall retain their lien securing such claim. The debtor is current on this obligation and will continue to make the current monthly payments when due subject to the same interest rate.

CLASS 4 (First Priority Tax Lien in  Favor of Marin County Tax Collector)

Class 4 consists of the Allowed Secured Claim held by Marin County Tax Collector, if any, that is secured by the real property located at 55 Wildwood Lane, Novato, California.  The holder of any Class 4 Allowed Secured Claim shall retain its lien securing such claim.  The debtor will continue to make the current monthly payments when due subject to the same interest rate.

CLASS 5 (First Deed of Trust in Favor of National City Home Mortgage)

Class 5 consists of the Allowed Secured Claim held by National City Home Mortgage

that is secured by the real property located at 27781 Mandarin Avenue, Hayward, California. The Debtor is current under its obligations under the Promissory Note and Deed of Trust secured by the real property located at 27781 Mandarin Avenue, Hayward, CA. National City shall retain its lien on 27781 Mandarin Avenue, Hayward, CA. Debtor shall continue making payments to National City pursuant to the terms of the Promissory Note, Security Agreement, and Deed of Trust, which shall remain unmodified by this Plan. The Debtor shall pay the Allowed Secured Claim of National City Home Mortgage as provided hereunder, and the failure of the Debtor to pay National City Home Mortgage within the time or in the manner or amount provided by the Plan shall constitute a default in performance of the Plan.

CLASS 6 (First Deed of Trust in Favor of Wells Fargo Home Mortgage)

Class 6 consists of the Allowed Secured Claim held by Wells Fargo Home Mortgage, if any, that is secured by the real property described as 28871 Bailey Ranch Rd, Hayward, California. The holder of any Class 6 Allowed Claim shall their lien securing such claim. The debtor will continue to make the current monthly payments when due subject to the same interest rate.

2.2  **Unsecured Claims**

Class 7 (General Unsecured Claims):

Class 7 consists of all unsecured Allowed Claims, the holders of which do not also hold Allowed Secured Claims requiring the holder to first pursue its available remedies against the Property of the Estate, including trade debt. Unsecured claims will be paid, pro rata through the plan.

2.3.  **Equity Interest**

CLASS 8 (Equity Interest):

Class 8 Consists of the debtor's equity interest in the estate

///

2.4     **Unclassified** – (Priority Tax Claims)

The unclassified Tax Claims of Federal and State Taxing authorities shall be satisfied in full 48 months from the Effective Date, which Claims shall bear interest at the rate of 9.0 % per annum. Debtor shall make 48 monthly payments of $504.62 for each Allowed Priority Claim for taxes commencing upon the later of (i) the fifteenth (15th) day of the first full month following the Effective Date in the case of a Claim that is not disputed by the Debtor, or (ii) the fifteen (15th) day of the first full month, following the date upon which an order determining the Allowed Amount of any tax claim that is disputed by the Debtor becomes final and non-appealable.

Confirmation of the Plan will not result in the discharge of any unclassified Priority Tax Claim of the Federal Taxing Authorities. Disputes regarding the proper classification of Claims not specifically classified herein shall be resolved pursuant to the procedures established by the code and Bankruptcy Rules.

## ARTICLE III

3     **TREATMENT OF ADMINISTRATIVE CLAIMS**

The holders of Allowed Claims which are Administrative Claims shall receive, on account of such claims, cash in the amount of such claims on or after the Effective Date unless the holders of the claims agree to a less favorable treatment.

Professionals employed at the expense of the estate of the Debtor and entities who may be entitled to reimbursement or the allowance of fees and expenses from the estate of the Debtor pursuant to subparagraphs (2) through (6) of § 503(b) of the Bankruptcy Code, shall receive cash in the amount awarded to such professionals and entities at such times and only in accordance with a final order entered pursuant to § 330 or 503(b) (2) through (6) of the Bankruptcy Code.

The only known administrative Claims are the accruing attorney's fees subsequent to the filing date, and any fees payable to the United States Trustee pursuant to 28 U.S.C. §1930 as

required by 11 U.S.C. §1129(a)(12).

# ARTICLE IV
## 4 DESIGNATION OF UNIMPAIRED AND IMPAIRED CLASSES OF CLAIMS AND INTERESTS

Classes 2, 3, 5 and 8 are unimpaired under the plan. Class 1, 4, 6 and 7 are impaired under the Plan.

# ARTICLE V
## 5. TREATMENT OF IMPAIRED CLAIMS AND INTERESTS

5.1   **General**:  All impaired classes of claims and classes of interest shall receive the distributions set forth in this Article on account of and in complete satisfaction of all such Allowed Claims (and any interest accrued thereon) and Allowed Interest.

5.2   **CLASS 1 – American Home Mortgage**

The Allowed Secured Claim of American Home Mortgage is $1,309,489.88 which is the Debtors' best estimate of the total Roll-Up (as defined below) amount for each American Home Mortgage's secured Claim. If American Home Mortgage believes the actual Roll-Up amount is different than the amount listed, it may dispute the amount by submitting a Secured Claims Proof of Claim (as defined below) by the Secured Claim Bar Date (as defined below). If American Home Mortgage does not submit a Secured Claims Proof of Claim by the Secured Claims Bar Date, the amount listed above as the Allowed Secured Claim will be the allowed amount of American Home Mortgage's secured claim.

a)   Secured Claims Bar Date – Shall mean the date, 15 days after the Effective Date, by which American Home Mortgage Secured Claimants shall be allowed to submit its Secured Claims Proof of Claims.

b)   Secured Claims Proof of Claims – Shall mean a Proof of Claim submitted by American Home Mortgage Secured Claimants representing the full Roll-Up amounts as of the

Effective Date.

c) Roll-up – Shall mean the full amount of a American Home Mortgage's Secured Claimant's claim as of the Effective Date, adding the original, outstanding lien amount, accrued interest, accrued late fees, accrued attorney's fees and any other fees and/or costs allowed to a American Home Mortgage Secured Claimant under the original lien documents held by American Home Mortgage Secured Claimant with the Debtor.

The Allowed Secured Claim of American Home Mortgage shall be paid under the current terms of the Promissory Note, Security Agreement and Deed of Trust as the updated principal balance under each. Payments shall commence on the first day of the month subsequent to the Secured Claims Bar Date. With exception of the modification of the payment terms herein, the terms, conditions and covenants of the Promissory Note, Security Agreement and Deed of Trust shall not be modified by this Plan.

The Debtor shall pay the Allowed Secured Claim of American Home Mortgage as provided hereunder, and the failure of the Debtor to pay American Home Mortgage within the time, or in the manner or amount provided by the Plan shall constitute a default in performance of the Plan

5.3 **CLASS 4 – Marin County Tax Collector**

The secured claim of Marin County Tax Collector shall retain its lien securing such claim and shall be satisfied as follows.

The arrearage amount of $20,776.92 shall be satisfied in full 48 months from the Effective Date, which Claim shall bear no interest. Debtor shall make 48 monthly payments of $432.85. The Debtor's monthly payment shall commence upon the later of (i) the fifteenth (15th) day of the first full month following the Effective Date in the case of a Claim that is not disputed by the Debtor, or (ii) the fifteen (15th) day of the first full month, following the date

upon which an order determining the Allowed Amount of any claim that is disputed by the Debtor becomes final and non-appealable. So long as the payments required by this paragraph are timely made in accordance with this paragraph, the Class 4 claim shall be deemed fully current and not delinquent for all purposes.

5.4     **CLASS 6 – Wells Fargo Home Mortgage**

The secured claim of Wells Fargo Home Mortgage shall retain its lien securing such claim and shall be satisfied as follows.

The arrearage amount of $84,388.95 shall be satisfied in full 120 months from the Effective Date, which Claim shall bear no interest. Debtor shall make 120 monthly payments of $703.24. The Debtor's monthly payment shall commence upon the later of (i) the fifteenth (15th) day of the first full month following the Effective Date in the case of a Claim that is not disputed by the Debtor, or (ii) the fifteen (15th) day of the first full month, following the date upon which an order determining the Allowed Amount of any claim that is disputed by the Debtor becomes final and non-appealable. So long as the payments required by this paragraph are timely made in accordance with this paragraph, the Class 6 claim shall be deemed fully current and not delinquent for all purposes.

5.3     **General Unsecured and Deficiency Claims.**

The general unsecured claims in class 7 total of approximately $103,302.87 in unsecured claims. The debtor will pay a total of $103,302.87 for all unsecured claims. Each allowed unsecured claim shall receive, in full satisfaction of their claim, a dividend equal to their pro rata share of $103,302.87 as follows:

Beginning with the Effective Date, and every 30 days for 48 months, the debtor will pay $550.00 for a total of $26,400.00. Beginning with the 49th month and for the next 72 months the

debtor will pay $1068.09 for a total of 76,902.87. To determine each claimant's pro rata share of $103,302.87, each claimant would divide the amount of its allowed claim by $103,302.87. That product would then be multiplied by $103,302.87 to determine the amount each claimant will receive. [For example (allowed claim/103,302.87) x $103,302.87 = total amount to be paid on claim]

In addition, to determine how much each claimant would receive from the payments proposed above, the claimant would multiply it's pro rata share to each proposed payment. [For example (allowed claim/103,302.87) x proposed payment ($550)] for 48 months then (allowed claim/103,302.87) x proposed payment ($1068.09)] for the final 72 months.

No interest shall be paid on any Allowed General Unsecured or deficiency Claim. Based on the claims currently filed, it is estimated that General Unsecured Creditors will receive approximately 100% of their claim.

## ARTICLE VI

6 **MEANS FOR EXECUTION OF THE PLAN**

6.1 **SOURCE OF OPERATING FUNDS:**

The source of funds will come from the debtor's employment, rental income and monthly contributions from his live in girl friend who is also the mother of the debtor's two children. The debtor has been a cameraman for the last 10 years and is currently employed. All rental properties are rented.

6.2 **MANAGEMENT:**

The debtor will be managed and operated by Luis Angel Torres Luis Angel Torres shall have broad authority with respect to the conduct of the business of the Reorganized Debtor, including the rights and powers to enter into agreements regarding a sale of Property, to borrow

Case: 09-44059    Doc# 77    Filed: 07/08/10    Entered: 07/08/10 09:02:09    Page 12 of 17

12

money and pay obligations.  All secured claims shall have recourse only to the collateral securing such claims.

## ARTICLE VII

## 7 OBJECTIONS TO CLAIMS AND DISPUTED CLAIMS RESERVE

### 7.1 **Reservation of Right to Object to Claims**:

Debtor reserves the right to object to any and all Claims filed by creditors or other parties in interest, including the amounts of said Claims and the status of said Claims.

### 7.2 **Deadline for Filing Objection to Claims**:

Objections, if any, or other proceeding relating to the allowance of any Claim, shall be filed on or before sixty (60) days following the Effective Date.  Any objections or other proceeding not timely filed shall be deemed waived.

### 7.3 **Withholding of Distributions on Disputed Claims**:

Notwithstanding any other provision of this Plan, no payments or distributions shall be made on account of any Disputed Claim until such claim becomes and Allowed Claim. In lieu of distribution under the Plan to holder of Disputed Claim, the funds that would otherwise be distributed on account of Disputed Claims, if such claims were Allowed Claims, shall be held by the Debtor in an interest bearing account entitled "Disputed Claims Reserve."

### 7.4 **Distributions from the Disputed Claims Reserve**:

Within thirty (30) days after a Disputed Claim becomes an Allowed Claim pursuant to a Final Order, the Debtor shall disburse from the Disputed Claims Reserve the funds to which the holder of such Allowed Claim is entitled under the Plan, including any interest actually earned on said funds.

///

# ARTICLE VIII

8 **RETENTION AND ENFORCEMENT OF CLAIMS**

8.1     Pursuant to § 1123(b)(3) of the Bankruptcy Code, the Reorganized Debtor shall retain and may enforce any and all claims of the Debtor, except claims waived, relinquished and released in accordance with the Plan. Pre-petition claims against the debtor held by creditors who do not file acceptance of this Plan, if any, shall be preserved but may not be enforced unless and until there has been a default by the Reorganized Debtor of their obligations under the confirmed Plan and the affected creditor has given thirty (30) days' written notice thereof to the Reorganized Debtor.

# ARTICLE IX

9     **EXECUTORY CONTRACTS**

9.1   The debtor has no written rental agreements.  Any and all oral month to month agreements will be assumed.

# ARTICLE X

10     **REVESTING**

10.1   Except as provided for in the Plan or in the Order confirming the Plan, on the Effective Date the Reorganized Debtor shall be vested with all of the property of its estate free and clear of all claims, liens, charges and other interests of creditors arising prior to the filing date.

# ARTICLE XI

11     **AMENDMENT**

Subject to the provision of Section 1127 of the Code, Debtor may propose amendments to or modifications of this Plan at any time prior to Confirmation of the Plan.  After confirmation of the Plan, Debtor may with the approval of the Court, so long as it does not materially or

adversely affect the interests of creditors or other parties in interest as set forth herein, remedy any defect or omission or reconcile any inconsistencies in this Plan or in the Order of Confirmation, in such a manner as may be necessary to carry out the purposes and intent of this Plan.

## ARTICLE XII

12 **EVENTS OF DEFAULT**

12.1 The Debtor shall pay each Allowed claim as provided by the Plan, and the failure of the Debtor to pay any particular Allowed Claim within the time, or in the manner or amount provided by the Plan shall constitute a default in performance of the Plan. If the default is not cured within ten days of such written notice of default, then the party giving the written notice may either (1) pursue its remedies under the laws of the State of California, or (2) file a motion in the Bankruptcy Court to convert the case to Chapter 7. In the event this Chapter 11 case is converted to Chapter 7 after confirmation of the Plan, all assets of the Debtor shall transfer to, and vest in the Chapter 7 bankruptcy estate on the date of conversion.

## ARTICLE XIII

13 **POST CONFIRMATION REPORTS AND U.S. TRUSTEE FEES**

Pursuant to Federal Rule of Bankruptcy Procedure 2015(a)(5), the Debtor shall file post-confirmation quarterly reports in the format prescribed by the United States Trustee, and continue to pay quarterly fees due to the United States Trustee under 28 U.S.C. §1930(a)(6), calculated on the basis of post-confirmation disbursements, until the entry of a final decree or an order converting or dismissing the case.

///

///

# ARTICLE XIV

## 14. RETENTION OF JURISDICTION

14.1 Notwithstanding confirmation of this Plan, the Bankruptcy Court shall retain jurisdiction for the following purposes:

14.2 Determination of the allowability of claims and interests upon objection to such claims by the Debtor, the reorganized Debtor, or by any other party in interest.

14.3 Determination of requests for payment of claims entitled to priority under §507(a) (1) of the Bankruptcy Code, including compensation of parties entitled thereto.

14.4 Resolution of controversies and disputes regarding the interpretation or enforcement of the terms of the Plan, any of the instruments issued under the Plan or any other documentation evidencing the terms of the Plan.

14.5 Implementation of the provisions of the Plan and entry of orders in aid of confirmation of the Plan, including, without limitation, appropriate orders to protect the reorganized Debtor.

14.6 To hear and determine causes of action by or against the Debtor arising prior to the commencement of or during the pendency of these proceedings.

14.7 To grant extensions of any deadline set herein.

14.8 Entry of a final decree closing the Debtor's case.

14.9 Entry of a discharge upon completion of the debtor's confirmed plan.

14.10 To enforce all discharge provisions under the Plan.

14.11 In addition and at any time the Court may make such orders to give such direction as may be appropriate under section 1142 of the Code.

# ARTICLE XV

## 15. EFFECT OF CONFIRMATION

15.1 An individual debtor does not receive a discharge until the plan is fully performed.

Dated: June 29, 2010

/s/ Luis Angel Torres
Luis Angel Torres – Debtor

Dated: June 29, 2010

/s/ Marc Voisenat
Marc Voisenat, Attorney for
Debtor Luis Angel Torres